5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Enrique LANDA-GONDRA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70009.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided Aug. 26, 1993.
 
 Petition for Review of a Decision of the Board of Immigration Appeals; No. Axr-bcr-ogv.
 B.I.A.
 PETITION DENIED.
 Before FAIRCHILD,* BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Landa-Gondra petitions this court for review of the Board of Immigration Appeals' ("BIA") decision reversing the Immigration Judge's ("IJ") grant of asylum under Sec. 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1158(a). We deny the petition.
 
 
 3
 Landa-Gondra is a forty-five year-old citizen and native of Peru. He fears persecution in Peru by a terrorist group called the Sendero Luminoso--the Shining Path. Before fleeing Peru, Landa-Gondra worked in Lima for a private company controlled by the Peruvian government. The company contracted with the Peruvian Navy to provide industrial service to the fleet. Landa-Gondra was in charge of purchasing materials for the Navy and received large contractual bids from private companies. Landa-Gondra testified that he abruptly left his job in July 1983 because he was threatened by the Sendero Luminoso to divulge information on contract bids. He testified that his home was burglarized and that he was shot at in his home.
 
 
 4
 At the same time that he abandoned his job, Landa-Gondra left his house and moved in with his parents. He lived there until October 1984, when he was once again contacted by the Sendero Luminoso. A phone caller threatened Landa-Gondra for betraying the Sendero Luminoso--even though at this point in time Landa-Gondra had no access to any information.
 
 
 5
 Landa-Gondra entered the United States without inspection on December 13, 1985, near Calexico, California. Three days later, INS officers apprehended Landa-Gondra and initiated deportation proceedings. At the deportation hearing, Landa-Gondra conceded deportability and applied for asylum. After an evidentiary hearing, the IJ found Landa-Gondra's testimony credible and determined Landa-Gondra had a well-founded fear of persecution for political reasons. The IJ determined that Landa-Gondra was not politically active but that the Sendero Luminoso considered him the "opposition and the enemy." The IJ noted that it did not matter whether or not Landa-Gondra was a political person because persecution on account of a political opinion could be found if the acts of the terrorist group were sufficient to find a well-founded fear of persecution. The IJ granted Landa-Gondra's application for asylum under Sec. 208(a) of the INA; the IJ denied withholding of deportation under Sec. 243(h).
 
 
 6
 The INS appealed the Immigration Judge's ruling; the BIA reversed and granted Landa-Gondra voluntary departure. The BIA stated that "refusal to cooperate with the terrorist group did not constitute an expression of political opinion." The BIA pointed out that the evidence showed Sendero Luminoso sought out Landa-Gondra because of his access to information, not because he held contrary political views.
 
 
 7
 We reverse the BIA's denial of asylum and withholding of deportation "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), citing INS v. Elias-Zarcarias, 112 S.Ct. 812, 817 (1992).
 
 
 8
 To merit relief, Landa-Gondra needs to show that he possessed a political opinion and that he faced persecution because of that opinion. Refusal to cooperate with a political organization does not equal a political opinion. The focus is on the victim's political opinion, not that of the persecutor. Elias-Zacarias, 112 S.Ct. at 816. "The mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish ... [fear of] persecution on account of political opinion." Id. (emphasis in original).
 
 
 9
 Landa-Gondra's evidence does not compel the conclusion that he had a well-founded fear of persecution because of his political opinion. Neither did Landa-Gondra present sufficient evidence to demonstrate imputed political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1990) ("Imputed political opinion is still a valid basis for relief after Elias-Zacarias."). We conclude that a reasonable factfinder could fail to find a well-founded fear of persecution.[1]
 
 
 10
 The petition for review of the Board of Immigration Appeals' decision is DENIED.
 
 
 11
 WIGGINS, Judge, concurring.
 
 
 12
 I agree with the result the majority reaches, but think that its analysis is incomplete. Courts determining eligibility for asylum under 8 U.S.C. Sec. 1158(a) have failed to ask an important threshold question: whether a minority faction in a country is sufficiently strong that it can politically persecute an asylum seeker? I believe that asylum is justified only where a nongovernmental faction is strong enough that the government either cannot or will not protect its citizens from persecution by that faction. No such determination has occurred here.
 
 
 
 *
 The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Landa-Gondra does not meet the "well-founded fear of persecution" standard required for a grant of asylum, he cannot meet the more stringent "clear probability of persecution" standard for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)