54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rudy Leonardo Penate ROMERO, Felix Hubert Penate Romero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70354.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy Leonardo and Felix Hubert Penate-Romero, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeals from an Immigration Judge's ("IJ") decision denying their applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and we deny the petition for review.
 
 
 3
 Because the BIA adopted the IJ's decision, we review the decision of the IJ. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir. 1995).
 
 
 4
 The petitioners alleged that they feared persecution from the military and the guerillas because they are Jehovah's Witnesses who are opposed to violence and, as a result, cannot join either group. The IJ rejected their applications for asylum and withholding of deportation on the ground that they presented only general evidence of violence in El Salvador and failed to show they would be singled out for persecution.
 
 
 5
 As a preliminary matter, we reject petitioners' contention that the IJ violated their due process rights by taking administrative notice of the State Department's report to support his conclusion. Although they failed to avail themselves of the chance, petitioners were given notice and afforded an opportunity to submit rebuttal evidence. See Castillo-Villagra v. INS, 972 F.2d 1017, 1028-30 (9th Cir. 1992).
 
 
 6
 If unable to demonstrate a clear probability of persecution as required for mandatory withholding of deportation, an alien may be eligible for discretionary asylum relief if he establishes a well-founded fear of persecution that is both subjectively genuine and objectively reasonable. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992). However, in order to support an asylum claim, the evidence presented should be specific enough to indicate that petitioners' situation is different from that faced by others within the country. See id.; Vides-Vides v. INS, 783 F.2d 1463, 1467-69 (9th Cir. 1986).
 
 
 7
 Here, the petitioners did present evidence that they had been subjected to numerous instances of generalized violence, including damage to the family home from gun fire between military and guerrillas, death or injury to friends involved with military or guerrilla groups, theft, brief detentions, roadblocks, questioning, and recruitment attempts. However, there is simply no evidence linking these incidents to either military or guerillas motivated to persecute these specific petitioners because they are Jehovah's Witnesses. See, e.g., Estrada-Posadas v. INS, 924 F.2d 916, 919-20 (9th Cir. 1991) (denying relief in absence of showing that family deaths were politically motivated); cf. Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir. 1992) (discussing motive requirement).
 
 
 8
 Moreover, because there is substantial evidence to support the Board's conclusion that petitioners failed to provide direct and specific facts to support a reasonable fear that they have or will face persecution on account of any of the statutorily enumerated grounds, it follows that the denial of withholding of deportation was also correct. See Kazlauskas, 46 F.3d at 907.
 
 
 9
 As we cannot say that the evidence offered by petitioners was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution, we deny the petition for review. See INS v. Elias-Zacarias, 112 S. Ct. 812, 815 (1992).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3