65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge RODRIGUEZ-ALCANTARA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70465.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1995.*
Decided Aug. 21, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Petitioner Jorge Rodriguez-Alcantara ("Rodriguez") petitions for review of the refusal by the Board of Immigration Appeals ("BIA") to grant asylum pursuant to 8 U.S.C. Sec. 1158(a) and to grant withholding of deportation pursuant to 8 U.S.C. Sec. 1253(h)(1). Rodriguez argues that the BIA erred by finding that he did not establish a well-founded fear of persecution in Peru on the basis of his political opinion. Rodriguez further contends that the BIA erred by refusing to remand the matter for rehearing because the court interpreter's misconduct prevented him from receiving a fair hearing. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We affirm.
 
 I. ASYLUM
 
 4
 We review de novo the legal questions regarding requirements for establishing eligibility for asylum. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). The factual findings underlying the BIA's asylum determination are reviewed under the "substantial evidence" standard. Id. Under this standard, the petitioner must show "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 
 5
 In order to qualify for asylum, the petitioner must demonstrate that he is a "refugee" within the meaning of 8 U.S.C. Sec. 1101(a)(42)(A). 8 U.S.C. Sec. 1158(a). A refugee is defined as a person who is unable to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 6
 Rodriguez argues that he faces persecution in Peru on the basis of his political opinion for refusing to go on strike at the shoe factory where he worked. Where a petitioner has not overtly expressed his political opinion, we have held that "certain conscious and deliberate acts or decisions by an alien may establish a well-founded fear of persecution on account of imputed political opinion, but only when a persecutor attributes political beliefs to an alien as a result of these acts or decisions." Estrada-Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991).
 
 
 7
 Here, Rodriguez contends that he received numerous threats by the terrorist organization Sendero Luminoso. Notes and pamphlets were left in the men's bathroom where he worked, and unidentified people had shouted names at him down the street. He also cites one incident of physical confrontation in which he was taken unharmed by a company van through a picket line, from which striking co-workers shouted at him. Rodriguez fails, however, to show the required nexus between these incidents and his alleged imputed political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992). Rodriguez does not proffer any evidence that the threats he received were even from Sendero Luminoso. The only established link to Sendero Luminoso is that, sometime prior to 1987, Rodriguez was urged by his co-workers to join either Sendero Luminoso or Tupac Aamara, another terrorist group. Even if we were to assume that the threats were made by Sendero Luminoso, Rodriguez has not demonstrated that Sendero Luminoso considers those who refuse to go on strike as "enemies" who are expressing, through their acts, a political opinion. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1577 (9th Cir.1986). Therefore, there is no basis for concluding that the threats Rodriguez received were anything more than evidence of labor unrest in Peru. Because Rodriguez has not presented evidence that no reasonable factfinder could fail to find that he was persecuted or faces future persecution on account of his political opinion, he is ineligible for relief. INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992); Prasad, 47 F.3d at 338.
 
 II. WITHHOLDING OF DEPORTATION
 
 8
 We review the BIA's refusal to grant withholding of deportation for substantial evidence. Estrada-Posadas, 924 F.2d at 918. It is mandatory for the Attorney General to withhold deportation "if the Attorney General determines that such alien's life or freedom would be threatened ... on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h). To be entitled to such relief, however, the petitioner must show a "clear probability" that he will be persecuted upon return to his native country. Estrada-Posadas, 924 F.2d at 920. Because Rodriguez failed to demonstrate a well-founded fear of persecution required for asylum, he cannot meet this more stringent standard for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 III. DUE PROCESS
 
 9
 We review alleged due process violations in deportation proceedings de novo. Hartooni v. INS, 21 F.3d 336, 339 (9th Cir.1994). An alien who faces deportation is entitled under the Constitution to a full and fair deportation hearing. Id. at 339-40. The alien also has a fundamental right to participate meaningfully in the deportation proceedings by having them competently translated into a language he can understand. Id. The alien is denied due process only if the error assigned causes him to suffer some prejudice. See El Rescate Legal Serv. v. Executive Office, 959 F.2d 742, 752 (9th Cir.1991).
 
 
 10
 Rodriguez argues that he was denied due process because the interpreter at his hearing stated that his answers were too evasive to translate. However, the record does not indicate that this interjection had any prejudicial effect on the outcome of the hearing. The immigration judge, as factfinder, concluded that he would disregard the interpreter's external statements. Rodriguez further contends that he was denied due process because the interpreter attempted to stop him from answering the questions. The record shows, however, that the interpreter merely tried to slow him down so that he could accurately translate what Rodriguez was saying. Because Rodriguez has not established any prejudice as a result of the interpreter's actions, we reject his due process claim. See id.
 
 CONCLUSION
 
 11
 For the reasons stated above, the PETITION is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3