77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Romeo AGUILON-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Romeo Aguilon-Lopez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we grant the petition for review.
 
 
 3
 We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). Questions of law, such as "the application of established legal principles to undisputed facts," are reviewed de novo. Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995). We review for abuse of discretion the discretionary denial of asylum. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 4
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm, and must show that this subjective fear is objectively reasonable. See Shirazi-Parsa, 14 F.3d at 1427. The objective component can be satisfied by specific documentary evidence or by an applicant's credible and persuasive testimony. See Singh, 63 F.3d at 1506.
 
 
 5
 After a de novo review of the record, the BIA determined that Aguilon-Lopez's fears were not on account of any of the five statutory grounds for refugee status, and dismissed the appeal. The BIA found that Aguilon-Lopez's fear of the Guatemalan military was not on account of political opinion because he did "not present[ ] persuasive evidence to show that [the government's] actions against him were motivated by any desire other than to neutralize those seeking to overthrow the government by armed rebellion."
 
 
 6
 Here, Aguilon-Lopez presented internally consistent and credible testimonial evidence that he signed a petition seeking higher wages and better working conditions, and that he subsequently learned that the army killed three individuals who had signed the petition because they were accused of being guerrillas. Aguilon-Lopez presented two letters from his mother corroborating his testimony that both the army and the guerrillas were searching for those who signed the petition.[1] The record also contained various human rights reports noting that the Guatemalan authorities have assaulted and killed individuals accused of supporting the guerrillas or union organizers.
 
 
 7
 The evidence presented indicates that Aguilon-Lopez has a reasonable fear of persecution on account of an imputed political opinion. See Singh, 63 F.3d at 1509 (holding that Indian Sikh accused by the government of association with militants was persecuted on account of imputed political opinion); see also Canas-Segovia v. INS, 970 F.2d 599, 601-02 (9th Cir.1992) ("Imputed political opinion is still a valid basis for relief after Elias-Zacarias."). Accordingly, the BIA erred by questioning the vitality of this circuit's case law regarding imputed political opinion after the Supreme Court's decision in Elias-Zacarias v. INS, 502 U.S. 478 (1992). See Singh, 63 F.3d at 1509.
 
 
 8
 Because Aguilon-Lopez has established his unwillingness to return to Guatemala due to a well-founded fear of persecution by the Guatemalan army on account of imputed political opinion, he is a refugee eligible for a grant of asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). We remand to the BIA for the exercise of discretion under 8 U.S.C. section 1158(a), and for a determination consistent with this opinion on Aguilon-Lopez's request for withholding of deportation pursuant to 8 U.S.C. section 1253(h).
 
 
 9
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA questioned Aguilon-Lopez's credibility because he testified that he found out about the army's actions through a radio report and his mother claimed that she found out through a newspaper report. We find no material contradiction in this evidence, and accept Aguilon-Lopez's testimony as true. See Aguilera-Cota v. INS, 914 F.2d 1375, 1381-83 (9th Cir.1990)