78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Luis AMAYA-GRANADOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Luis Amaya-Granados, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.
 
 
 3
 Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994).
 
 
 4
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 5
 Amaya-Granados contends that the IJ erred by failing to consider whether he had a well-founded fear of persecution by the Salvadoran authorities or the guerrillas on account of imputed political opinion. We agree.
 
 
 6
 Amaya-Granados credibly testified that he feared both the government and the guerrillas in El Salvador because his father and his uncle were killed by government-affiliated forces in the early 1980's as guerrilla collaborators, and because he was kidnapped by the guerrillas in November 1990 and forced to work for them until he escaped. Amaya-Granados stated in his asylum application that he fled El Salvador because he "was forced to collaborate with the guerrillas and this in turn would make [him] the object of death threats from the authorities." Following his impressment, Amaya-Granados "felt desperate since, if they ever found out that [he] had collaborated with the guerrilla, [he] would run the same luck as [his] uncle and father who were identified as suspects of collaborating with the guerrilla." Amaya-Granados submitted copies of the death certificates of his father and uncle, and supporting country conditions documentation noting that the Salvadoran government has harmed individuals denounced as subversives. Amaya-Granados also testified that he feared future harm by the guerrillas because he "escaped from them."
 
 
 7
 The IJ found that Amaya-Granados did not establish past or future persecution by the authorities on account of the deaths of his uncle and father, because he never suffered any harm as a result of their deaths. The IJ also found that Amaya-Granados's impressment by the guerrillas was not on account of his actual or imputed political opinion.
 
 
 8
 The IJ failed to consider, however, Amaya-Granados's future fear of persecution by the authorities based on his forced collaboration with the guerrillas in 1990, and the killing of his father and uncle as guerrilla collaborators. Accordingly, the IJ erred by failing to consider Amaya-Granados's claim of future persecution on account of imputed political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601-02 (9th Cir.1992) ("Imputed political opinion is still a valid basis for relief after Elias-Zacarias.").
 
 
 9
 Moreover, while the IJ did determine that Amaya-Granados did not suffer past persecution by the guerrillas, he failed to consider whether Amaya-Granados presented sufficient evidence to support a well-founded fear of persecution by the guerrillas based on his escape.
 
 
 10
 Because the IJ's decision was not supported by substantial evidence, see Shirazi-Parsa, 14 F.3d at 1427, we remand to the BIA to determine Amaya-Granados's eligibility for asylum and withholding of deportation on account of imputed political opinion.
 
 
 11
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3