85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adolfo Jose VEGA-GONZALEZ; Jennifer Vanessa Vega-Lopez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70789.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 22, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Adolfo Jose Vega-Gonzalez and his daughter appeal from the Board of Immigration Appeals' ("BIA") decision denying their application for asylum under 8 U.S.C. § 1158(a) and for withholding of deportation under 8 U.S.C. § 1253(h).[1] Because the daughter's claim is derivative of that of her father,[2] we will refer to Mr. Vega-Gonzalez as "petitioner" and will discuss the BIA's denial of his application.
 
 I. ANALYSIS
 A. Asylum
 
 4
 To be eligible for asylum, petitioner must show that he is unable or unwilling to return to his own country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); see also Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) (past persecution, without more, satisfies the requirement of § 1101(a)(42)(A)). Persecution "encompass[es] more than just restrictions or threats to life and liberty." Desir, 840 F.2d at 726. Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." Kovac v. I.N.S., 407 F.2d 102, 107 (9th Cir.1969). Persecution may be inflicted by the government or by persons or organizations the government is unable or unwilling to control. McMullen v. INS, 658 F.2d 1312, 1315 (9th Cir.1981).
 
 
 5
 We review the factual determinations underlying the BIA's decision under a substantial evidence standard, and an alien who seeks judicial reversal of the BIA's eligibility determination must show that the evidence presented was so compelling that "no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. U.S. I.N.S., 971 F.2d 188, 191 (9th Cir.1992). Because the BIA affirmed the immigration judge ("IJ") for the reasons set forth in the IJ's opinion but offered additional reasons for dismissing the appeal, we review both the BIA's and the IJ's opinion. See Kazlauskas v. I.N.S., 46 F.3d 902, 905 (9th Cir.1995) (allowing for review of IJ's opinion where IJ's reasoning is adopted by BIA).
 
 1. Past Persecution
 
 6
 Petitioner, a Jehovah's Witness who came to the United States from Nicaragua, contends that he was persecuted in Nicaragua because of his religion. Petitioner refused to enlist in the army and participate in Sandinista activities because of his religious beliefs and, as a result, was denied food ration coupons and was eventually fired from his government job.
 
 
 7
 The IJ's finding that petitioner's loss of food ration coupons and job does not amount to persecution is supported by substantial evidence. The record reveals that petitioner was able to work for his sister and mother after being fired and was able to buy necessary items on the black market. See Saballo-Cortez v. I.N.S., 761 F.2d 1259, 1264 (9th Cir.1984) (that alien was denied a food card which would have entitled him to discounts on food and a special work permit did not amount to persecution); Raass v. I.N.S., 692 F.2d 596, 596 (9th Cir.1982) (alien seeking asylum must demonstrate "something more than generalized economic disadvantage").
 
 2. Future Persecution
 
 8
 The IJ's and BIA's conclusion that petitioner failed to demonstrate a reasonable fear of future persecution is also supported by substantial evidence. As both the IJ and BIA noted, the situation in Nicaragua has changed. As the IJ noted, Jehovah's Witnesses are currently practicing their religion in Nicaragua without problems, as evidenced by the baptism of petitioner's sisters in a ceremony in Managua in 1990. We note that petitioner himself testified that Jehovah's Witnesses have had more freedom since the change of government in Nicaragua. Furthermore, we note that petitioner's counsel admitted to the IJ that he did not believe that petitioner would be persecuted should he return to Nicaragua.
 
 
 9
 Finally, Nicaragua no longer has a program of compulsory conscription, and nothing in the record suggests petitioner will be persecuted for his past failure to serve in the army given the change of government. Moreover, even if petitioner will be punished for leaving Nicaragua to avoid military service, petitioner's reliance upon Canas-Segovia v. I.N.S., 902 F.2d 717 (9th Cir.1990), vacated, 502 U.S. 1086 (1992), aff'd on other grounds, 970 F.2d 599 (9th Cir.1992), for the proposition that such punishment would constitute persecution is unavailing. In that case, we held that a Jehovah's Witness who faced possible torture and death for refusing to join the Salvadorian army had established persecution on account of his religion. We concluded that the petitioner was not required to present evidence that his persecutors intended to persecute him on the basis of his religion; rather, it was sufficient for the petitioner to demonstrate that he refused to engage in an activity because of his religion and that he would be persecuted for failure to engage in that activity. However, the Supreme Court vacated our decision, see I.N.S. v. Canas-Segovia, 502 U.S. 1086 (1992), and remanded for further consideration in light of I.N.S. v. Elias-Zacarias, 502 U.S. 478 (1992). Upon remand, we held that the petitioner had failed to demonstrate persecution on account of his religion. We noted that there are many reasons why people avoid conscription other than religious ones. Thus, the petitioner was required to demonstrate that his persecutors had his religion in mind in undertaking his persecution, which he could not do. Canas-Segovia v. I.N.S., 970 F.2d 599, 601 (9th Cir.1992). As in Canas-Segovia, petitioner in this case has failed to establish that, should he be punished, those inflicting the punishment will do so because he avoided conscription for religious reasons.
 
 B. Withholding of Deportation
 
 10
 Because petitioner failed to establish a well-founded fear of persecution, he has also failed to demonstrate a clear probability of persecution, which he must demonstrate to qualify for withholding of deportation. Acewicz v. U.S. I.N.S., 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 11
 C. Final Adjudication of Petitioner's Administrative Asylum Application
 
 
 12
 Finally, petitioner notes that the administrative record does not contain a notice of denial of his asylum application. Petitioner contends that because the record does not establish that his application ever received a final adjudication, the Order to Show Cause was improvidently granted. Because this argument is raised for the first time on appeal, we do not consider it. Vargas v. U.S. Dep't of Immigration & Naturalization, 831 F.2d 906, 907 (9th Cir.1987).
 
 II. CONCLUSION
 
 13
 For the reasons set forth above, the decision of the BIA is AFFIRMED and the petition is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas Zilly, United States District Judge for the District of Western Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 8 C.F.R. § 208.3(b), the immigration judge considered the asylum request as a request for withholding of deportation under 8 U.S.C. § 1253(h)
 
 
 [2]
 See 8 C.F.R. § 208.21