101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delmis GUSMAN-FUENTES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70536.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 14, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Agv-rgv-php.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Delmis Gusman-Fuentes, a citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum and withholding of deportation. We find substantial evidence supports the BIA's decision and therefore deny the petition.
 
 
 7
 In November 1989, communist guerillas, who were then in armed revolt against the Salvadoran government, entered Gusman-Fuentes' home to forcibly conscript her brother. Gusman-Fuentes tried to stop the abduction; the guerillas then subdued her, beat her, and raped her. Gusman-Fuentes testified that neither the abduction nor the beating and rape were the result of her or of her brother's political beliefs. That same month, Gusman-Fuentes' uncle was murdered by unknown assailants. For a variety of reasons, Gusman-Fuentes attributes the killing to the guerillas. Following her uncle's murder, Gusman-Fuentes moved to another area of the city. She had no more contact with the guerillas, and neither she nor her family has heard from her brother since his abduction.
 
 
 8
 In 1992, Gusman-Fuentes left El Salvador and entered the United States illegally. On January 3, 1992, the Immigration and Naturalization Service served Gusman-Fuentes with an order to show cause why she should not be deported. Gusman-Fuentes conceded deportability and requested relief in the form of asylum, withholding of deportation, and in the alternative, voluntary departure. The IJ found no basis upon which to grant asylum or withholding of deportation. He granted Gusman-Fuentes voluntary departure. The BIA affirmed; Gusman-Fuentes petitions this Court for review.
 
 
 9
 We review the BIA's decision for abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Factual findings are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Denial of asylum "can be reversed only if the evidence presented by [the alien] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.
 
 
 10
 An alien is eligible for asylum if she has suffered past persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" 8 U.S.C. § 1101(a)(42); see Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988), or has a well-founded fear of future persecution on any of those bases. In its order, the BIA reviewed de novo the record of the proceedings before the IJ and concluded that even if all Gusman-Fuentes' assertions were true, she still failed to state a legally valid reason for asylum under 8 U.S.C. section 1101(a)(42). Regardless of Gusman-Fuentes' subjective fear of persecution, she failed to establish either that she was beaten and raped on account of her political beliefs or that she reasonably feared future persecution on that basis. As the BIA stated, nothing in the record suggests that Gusman-Fuentes was subject to political violence; nor is there any evidence that her brother was abducted on political grounds. And any conclusion that the murder of Gusman-Fuentes' uncle was politically motivated is "mere conjecture." (AR at 2.)
 
 
 11
 Because Gusman-Fuentes concedes that neither she nor any person with whom she is associated had political beliefs that would subject her to political persecution, her petition could only prevail if evidence showed that political beliefs had been imputed to her and that she could reasonably anticipate being subject to persecution based on those erroneously attributed beliefs. See Canas-Segovia, 970 F.2d 599, 601-02 (9th Cir.1992). Nothing in the record here indicates that the guerillas attributed any political beliefs to Gusman-Fuentes. Cf. Campos-Guardado v. INS, 809 F.2d 285, 289-290 (5th Cir.), cert. denied, 484 U.S. 826 (1987) (rejecting asylum claim where Salvadoran petitioner was raped at her uncle's house by guerillas who attacked the house and killed the uncle on the basis of the uncle's political beliefs but where no evidence suggested that his views were attributed to petitioner).
 
 
 12
 Because Gusman-Fuentes does not show actual or imputed political beliefs, on the basis of which she has been or could be subject to violence, no evidence supports Gusman-Fuentes' contention that she reasonably anticipates future persecution. Random violence or general upheaval does not amount to persecution under 8 U.S.C. section 1101(a)(42). Asylum is granted only to those who are persecuted on account of their membership in an oppressed group; victims of violence are not eligible for asylum merely because their attackers are coincidentally involved in factional struggles. Elias-Zacarias, 502 U.S. at 482-84; see Gomez v. INS, 947 F.2d 660, 663 (2d Cir.1991). Rather, asylum seekers must show that past oppression or fear of future persecution is the consequence of membership in a disfavored group. Gusman-Fuentes has failed to do so.
 
 
 13
 The petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3