**Jose Roberto CANAS–SEGOVIA, Oscar Iban Canas–Segovia, Petitioners,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 88–7444.**

United States Court of Appeals, Ninth Circuit.

July 10, 1992.

---

1. None of our cases cited in the majority opinion are to the contrary. In fact, one of them, *Cutchlow v. United States,* 301 F.2d 295 (9th Cir.1962), specifically confirms the continued existence of the corpus delicti rule. So, too, does *United States v. Leavitt,* 608 F.2d 1290 (9th Cir.1979).

Karen Musalo, Refugee Human Rights Clinic, University of San Francisco Law School, San Francisco, Cal., for petitioners.

Allen W. Hausman, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before: WRIGHT, HUG, and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

In light of *INS v. Elias–Zacarias,* —— U.S. ——, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and subsequent events in this case, we remand with instructions to dismiss as moot Oscar Canas–Segovia's petition for relief and to grant Jose Canas–Segovia's petition based on the theory of imputed political opinion.

## I

■ Oscar has married a United States citizen, received conditional residence status pursuant to 8 U.S.C. § 1186a, and returned to El Salvador to receive his immigrant visa. By so doing, he abandoned his request for relief.

## II

In *Elias–Zacarias,* the Court made clear that a petitioner alleging persecution must present some evidence, direct or circumstantial, of the persecutor's motive. 112 S.Ct. at 816–17. This motive requirement stems from section 1101's "persecution on account of" language.

In our original opinion, we rested our holding on alternate grounds: persecution on account of religion, and persecution based on imputed political opinion. *Canas–Segovia v. INS,* 902 F.2d 717, 729 (9th Cir.1990).

### A

■ In light of *Elias–Zacarias*'s adoption of a motive requirement, Canas–Segovia can no longer prove religious persecution.

In our decision, we took pains to explain that although evidence of a persecutor's intent was relevant, it was not required. 902 F.2d at 726–27. Because the key "on account of" language applies equally to religious and political persecution, *Elias–Zacarias* dictates that Canas–Segovia must show some evidence of his persecutor's intent, which he is unable to do.

■ We reject his argument on rehearing that religion should be treated differently. Political *opinion* is admittedly a narrow term, encompassing beliefs but not activities. Religion, on the other hand, is much broader, describing both beliefs and practices. Canas–Segovia argues that (1) it is undisputed that his sincere religious convictions require him to refuse to serve in the military, (2) his refusal to serve is a religious practice, and (3) he is being persecuted because of his religious practice, *i.e.,* his refusal to serve.

■ But this alone cannot satisfy the requirement of demonstrating his persecutors' motive or intent. Undoubtedly, his persecutors are motivated by his refusal to serve. Yet, as the *Elias–Zacarias* Court points out, people avoid conscription for a wide variety of reasons, many of them nonpolitical and nonreligious. Fear of combat and fear of reprisal from opposing forces are but two of many possible reasons. This leaves a difficult question: is it a sufficient showing of a persecutor's motive to tie the activity to the persecution, when the activity may or may not be religious? In light of *Elias–Zacarias,* we must answer "no".

■ The Court explained that in those cases in which a persecuted activity could stem from many causes, some protected by the statute and others unprotected, the victim must tie the persecution to a protected cause. To do this, the victim needs to show the persecutor had a protected basis (such as the victim's political opinion) in mind in undertaking the persecution. Although the Court discusses this requirement in light of the narrow "political opinion" grounds for relief, we find no good reason not to apply it in the religious context as well.

### B

*Elias–Zacarias* left open the possibility that persecution based on a political opinion falsely attributed to the victim could provide the basis for relief. The court mentioned the theory without either endorsing or rejecting it. 112 S.Ct. at 816 ("Nor is there any indication (assuming, *arguendo,* it would suffice) that the guerrillas erroneously *believed* that Elias–Zacarias' refusal was politically based.").

■ Imputed political opinion is still a valid basis for relief after *Elias–Zacarias.*

The Court made clear that evidence of motive is required, but imputed political opinion, by definition, includes an element of motive. A persecutor falsely attributes an opinion to the victim, and then persecutes the victim because of that mistaken belief about the victim's views. *See, e.g., Rivas v. INS*, 899 F.2d 864, 867 (9th Cir.1990), *vacated on other grounds*, — U.S. —, 112 S.Ct. 858, 116 L.Ed.2d 766 (1992).

The Board of Immigration Appeals rejected the Canas–Segovias' contention that they qualified for relief under this theory. It reasoned that the two petitioners could simply tell their persecutors that they were refusing to serve for religious rather than political reasons. This analysis assumes, however, that the persecutors would believe them and that the Canas–Segovias could communicate the information before any harm befell them. Following the Board's line of reasoning, imputed political opinion could never provide a basis for relief. Any victim would simply correct his persecutor's mistake, and suffer the persecution for unprotected reasons.

We held in the original opinion that the Canas–Segovias were entitled to relief based on the theory of imputed political opinion. Nothing in *Elias–Zacarias* changes our analysis. Jose is entitled to relief on this basis.

REMANDED.