12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Joel ARANA-CABRERA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 18, 1993.
 
 1
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 We review the decision of the Board of Immigration Appeals, not that of the immigration judge. Acewicz v. I.N.S., 984 F.2d 1056, 1059 (9th Cir.1993); Castillo-Villagra v. I.N.S., 972 F.2d 1017, 1023 (9th Cir.1992). If the Board decision is correct, error by the immigration judge is harmless. Rodriquez-Rivera v. I.N.S., 848 F.2d 998, 1002 (9th Cir.1988). We will reverse the Board decision "only if the evidence presented ... was such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed." I.N.S. v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992).
 
 
 4
 Asylum and withholding of deportation are not governed by international law, as petitioner suggests, but by domestic law codified in the Refugee Act of 1980. Under Sec. 208(a) of the Act, an "alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of [this act]." 8 U.S.C. Sec. 1158(a). The Act defines a refugee as an alien "who is unable or unwilling to return to ... [his or her home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). Arana-Cabrera must demonstrate his fear is both subjectively genuine and objectively reasonable. Acewicz, 984 F.2d at 1061. Arana-Cabrera has the burden of proof. 8 C.F.R. Secs. 208.13(a), 208.16(b).
 
 
 5
 To justify withholding of deportation, Arana-Cabrera must meet a more stringent standard by establishing a "clear probability of persecution." De Valle v. I.N.S., 901 F.2d 787, 790 (9th Cir.1990) (citation and internal quotations omitted). Accordingly, if he fails to meet the "well-founded fear" standard required for asylum, he also fails to meet the "clear probability" standard for withholding of deportation. Id.
 
 
 6
 Relying on I.N.S. v. Elias-Zacarias, the Board of Immigration Appeals denied Arana-Cabrera's application for asylum on the ground he had expressed no political opinion for which he may be persecuted. In Elias-Zacarias, the Supreme Court rejected a Ninth Circuit holding that "a person resisting forced recruitment is expressing a political opinion hostile to the persecutor." Elias-Zacarias 112 S.Ct. at 815 (quoting Zacarias v. I.N.S., 921 F.2d. 844, 850 (9th Cir.1990)). Instead, a person may resist recruitment for a variety of reasons, other than political opinion, including fear of combat. Id.
 
 
 7
 In his written application, Arana-Cabrera reported he feared the military would come after him because he told them he refused to take sides because he was politically neutral. At the hearing before the immigration judge, however, he testified since he had reached the age for mandatory conscription, he feared he would be conscripted and face injury or death in combat. Mandatory governmental conscription alone does not amount to persecution. Castillo v. I.N.S., 951 F.2d 1117, 1122 (9th Cir.1991); Rodriguez-Rivera, 848 F.2d at 1005. Even if Arana-Cabrera had presented sufficient evidence of a political opinion, he still did not present evidence he would be persecuted "because of that political opinion, rather than because of his refusal to fight with them." Elias-Zacarias, 112 S.Ct. at 816.
 
 
 8
 Although "[i]mputed political opinion is still a valid basis of relief after Elias-Zacarias," Canas-Segovia v. I.N.S., 970 F.2d 599, 601 (9th Cir.1992), Arana-Cabrera presented no evidence to support a finding of imputed political opinion. The record is void of any evidence that either government forces or guerillas singled him out and treated him differently than other Salvadoran males. See generally De Valle, 901 F.2d at 791-92 (insufficient evidence of persecution based on imputed political opinion where no individualized showing of persecution). Further, Arana-Cabrera successfully resisted recruitment by government forces and the guerillas on several occasions without harm or threat of future harm.
 
 
 9
 Based on the record as a whole, Arana-Cabrera failed to show the fear of persecution based on expressed or imputed political opinion necessary for asylum. Consequently, he failed to meet the more stringent standard required for withholding of deportation.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-3 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and we will not repeat them here