52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Romeo Andino CATURA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70722.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided April 17, 1995.
 
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 Romeo Andino Catura, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's denial of his applications for political asylum and withholding of deportation pursuant to Secs. 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h)(1). He claims that he will face persecution on his return to the Philippines by the New People's Army (NPA), the military wing of the Communist Party in the Philippines.
 According to petitioner's affidavit in support of his asylum application, and not materially disputed, petitioner worked in Manila from June 1981 until March 1987, as head of the claim and retirement division of a housing fund established by the former First Lady of the Philippines, Imelda Marcos. The fund's mandatory employee contribution requirements were criticized by Filipinos who saw the fund as another scheme to divert money from employees and to the government. Representatives of the NPA approached petitioner in 1986 demanding inside information about the workings of the fund. When petitioner refused to cooperate, he received threats at work and at home. In March 1987, petitioner was interrogated and seriously beaten by the NPA. Fearing for his life and the lives of his family, he left the Philippines, entering the United States illegally on June 15, 1987. He claims that if forced to repatriate to the Philippines he will be similarly persecuted by the NPA for his refusal to cooperate to further their political ends.
 At the September 27, 1989 hearing, the Immigration Judge denied his applications for asylum and withholding of deportation. The Immigration Judge found that petitioner genuinely feared harassment, interrogation and possible death at the hands of the NPA, but denied the petition on the ground that he failed to show that the persecution would be on account of political opinion or any of the other statutory grounds.
 The Board of Immigration Appeals decided his appeal nearly four years later and invoked the intervening Supreme Court decision in INS v. Elias-Zacarias, 112 S.Ct. 80 (1992), in dismissing the appeals. The Board held that appellant had
 failed to present persuasive evidence that the NPA's actions against him were motivated by any desire other than to gain information concerning fund operations.... See Canas-Segovia v. INS, 970 F.2d 599, 601-02 (9th Cir.1992). The mere fact that the NPA and the government were engaged in a civil struggle with general political underpinnings is inadequate to demonstrate that the respondent was persecuted on account of his political opinion.
 ER at 6.
 The Board's opinion ignores the undisputed evidence in the petitioner's affidavit that the fund was established by, and thus identified with, the interests of the Marcos regime; and that the NPA was politically opposed to the Marcos government and later to the Aquino administration, whose efforts to improve the deteriorating economic and political situation in the country the NPA apparently found unsatisfactory. There was therefore compelling evidence that the NPA viewed petitioner's refusal to divulge information about the governmental fund as representing his political alignment with governmental interests in opposition to the NPA. The law of this circuit, after Elias-Zacarias, recognizes that persecution may be based upon imputed as well as actual political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601-02 (9th Cir.1992). As petitioner pointed out to the BIA, the evidence showed that government officials were particularly targeted for political terrorism. The Board's decision ignoring petitioner's evidence of persecution based on political opinion was thus arbitrary and contrary to law.
 The Board also ruled that even if it had assumed that the NPA's persecution of Catura was on account of his political opinion, he had not shown that the existing government could not control such persecution. The Board, in effect, imposed a requirement that the petitioner seek the protection of the Philippine government before departing. Even were we to assume that such a rule is appropriate, in this case a request for government protection would have been utterly futile. The record demonstrates that the Marcos government that put petitioner into office no longer existed at the time of the persecution, and was therefore in no position to offer him protection before he departed; it is axiomatic that the successor government, the Aquino administration, would have little interest in his protection.
 Petitioner has also moved for a stay of deportation so that he can request reopening in order to apply for an adjustment of status. The motion is prompted by the fact that during the protracted length of these proceedings, petitioner's wife and children have become lawful permanent residents of the United States. In view of our determination on the merits of his petition for review, the motion is denied as moot.
 Petitioner has shown at least a well-founded fear of persecution on account of political belief. We therefore REVERSE and REMAND for the Board to consider whether the petitioner is entitled to asylum or withholding of deportation and for the consideration of additional evidence petitioner may offer on these claims in light of intervening developments.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3