79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernesto MOLINA-ROCHA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70799.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 18, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ernesto Molina-Rocha petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal and denying his motion to reopen proceedings. The BIA dismissed his appeal from the denial of his claims for asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), and for withholding of deportation under INA § 243(h), 8 U.S.C. § 1253(h)(1), on the grounds that Molina had failed to establish a well-founded fear of persecution in Nicaragua. See 8 U.S.C. § 1101(a)(42)(A). The BIA denied Molina's motion to reopen under 8 C.F.R. §§ 3.2 and 242.22, on the basis that Molina had not established prima facie eligibility for suspension of deportation under INA § 244(a)(1), 8 U.S.C. § 1254(a)(1).
 
 
 4
 We find that the BIA's dismissal of Molina's claim for asylum is supported by substantial evidence in the record. It is clear that military conscription alone does not constitute persecution under the asylum laws. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992); Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1988). However, Molina contends that on the basis of his evasion of military service, anti-Sandinista political views will be imputed to him that will put him at risk from Sandinista elements in the present government. We do not agree. The record does not compel us to reach a conclusion contrary to that announced by the BIA.
 
 
 5
 We have no reason to believe that the Nicaraguan government had reason to regard Molina as a political opponent. His record of protests during high school disclosed only an opposition to the draft, and did not identify him with an otherwise anti-Sandinista ideology. Moreover, Molina shows no record of past persecution at the hands of the Sandinistas. He was set to be conscripted into the military because of his age, not because of his political beliefs. After he turned 18 and failed to enlist, the Nicaraguan government did not persecute him in any way, or search for him with any greater rigor than it searched for other draft evaders. Because we cannot attribute to the Nicaraguan authorities an intention to single out Molina on the basis of imputed political opinion, his asylum claim fails. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992); Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992). Having failed to meet his burden for the purposes of asylum, Molina has, a fortiori, failed to show a clear probability of persecution for purposes of withholding of deportation.
 
 
 6
 Next, we find no abuse of discretion in the BIA's failure to reopen Molina's case to permit him to apply for a suspension of deportation. The BIA's conclusion that Molina had not established a prima facie case is supported by substantial evidence in the record, which the BIA considered and addressed. Having already determined that Molina's fear of persecution was not well-founded in connection with his asylum claim, the BIA need not have revisited its reasoning in its discussion of the motion to reopen. Its reasons were plain enough. Then, nothing else in the record discloses a hardship to Molina beyond the "common results of deportation." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). The Nicaraguan economy is difficult for all Nicaraguans; leaving one's country of residence is likely to be hard for any 10-year resident; separating from one's immediate family would be difficult for most. While we are sympathetic to Molina's situation, he has failed to show that the hardship he will experience is "extreme," and so we must uphold the decision of the BIA.
 
 
 7
 The petitioner having failed to produce evidence sufficient to compel our disagreement with the decision of the BIA, the petition is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3