108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rigoberto ALFARO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70493.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Feb. 12, 1997.
 
 1
 Petition to Review an Order of the Immigration and Naturalization Service, No. Aqv-ose-osy.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: FLETCHER and FERGUSON, Circuit Judges, and KING,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Petitioner Rigoberto Alfaro, a native and citizen of El Salvador, appeals the order of the Board of Immigration Appeals ("BIA"), affirming the order of an immigration judge ("IJ"), denying Petitioner's application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). Because the BIA's decisions were supported by substantial evidence, Alfaro's petition for review is denied.
 
 
 6
 Alfaro's testimony before the IJ revealed that he had fled his home because he was fearful the Frente Farbundo Marti para la Liberacion Nacional guerrillas would kidnap or kill him if he stayed in El Salvador. After becoming familiar with guerrilla activities through repeated guerrilla attacks on the people of his canton, a guerrilla abduction of Alfaro's uncle, and a visit by the guerrillas to Alfaro's home, Alfaro was directly confronted by the guerrillas.
 
 
 7
 While he was at work on his employer's farm, a group of guerrillas asked Alfaro to join them, and said they would come back for him after he refused. It was this confrontation that prompted Alfaro to leave El Salvador. After his departure, Alfaro received word from his employer's wife that the guerrillas did indeed come back to the workplace asking for him, about a month after he left the area.
 
 
 8
 Alfaro claimed that he suffered past persecution based on imputed anti-guerrilla political opinion, and that he had a well-founded fear of future persecution based on these past experiences. However, the Supreme Court held in Elias-Zacarias, 502 U.S. 478 (1992), that guerrilla recruitment of and retribution against those who refuse to join does not necessarily constitute persecution on the basis of political opinion because there are non-ideological reasons to refuse to join a guerrilla group. Id. at 479-482.
 
 
 9
 Imputed political opinion remains a valid basis for relief after Elias-Zacarias. Canas-Segovia v. I.N.S., 970 F.2d 599, 600 (9th Cir.1992). Although an applicant does not bear the unreasonable burden of establishing the exact motivation of his or her persecutors, he or she does bear the burden of "establishing facts on which a reasonable person would fear that the danger arises on account of his ... political opinion." Matter of Fuentes, 19 I & N Dec. 658, 662 (BIA1988). This, Alfaro has failed to do.
 
 
 10
 Alfaro has provided no evidence that the guerrillas were aware that he, his uncle, or any of the people of his canton had anti-guerrilla opinions or that the guerrillas knew of his relationship to his father, who was a member of the pro-government Civil Defense Patrol. Indeed, Alfaro's testimony indicates that he refused to join the guerrillas not for political reasons, but rather because "there the only thing that awaits you is death."
 
 
 11
 Alfaro correctly noted on appeal that the BIA applied an overly stringent definition of persecution in considering his claim. The BIA conceded that the confrontation between Alfaro and the guerrillas constituted "at most a threat to his freedom, or ... life," but held that such a threat did not rise to the level of persecution. The BIA cited Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988), which stated:
 
 
 12
 The statutory term 'persecution' or 'well founded fear of persecution' has been defined in this Circuit as encompassing more than just restrictions or threats to life and liberty.
 
 
 13
 Id. at 726 (emphasis added), citing Cardoza-Fonseca v. INS, 767 F.2d 1448, 1452 (9th Cir.1985). In Cardoza-Fonseca, this court explained that "persecution ... encompasses the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." Id. (internal quotations and citations omitted). The opinion in Cardozo-Fonseca makes clear that the term "persecution" includes the infliction of suffering or harm rather than being limited to the infliction of suffering or harm. Thus, the BIA's requirement that Alfaro have endured or have been threatened with suffering or harm was error. However, because there was substantial evidence supporting its finding that any persecution Alfaro may have experienced was not on account of imputed or actual political opinion, this error was harmless.
 
 
 14
 Although the threat to Alfaro's freedom might have constituted persecution, it was not shown to be persecution on the basis of political opinion (or any other of the enumerated reasons), as is required to be eligible for asylum and withholding of deportation.
 
 
 15
 Therefore, Alfaro's petition for review is DENIED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3