113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro Roche TUCH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70233.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Roche Tuch, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant this petition.
 
 
 3
 We review a determination of eligibility for asylum under the substantial evidence standard. Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). To reverse the BIA's denial of asylum, the evidence presented must be such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 4
 Roche Tuch contends no substantial evidence supported the BIA's conclusion that he did not have a well-founded fear of future persecution by the guerrillas on account of imputed political opinion. We agree.
 
 
 5
 To be eligible for asylum, petitioner must demonstrate that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Persecution based on political opinion may be established where a persecutor falsely attributes an opinion to the victim and then persecutes the victim because of that view. See Canas-Segovia v. INS, 970 F.2d 599, 601-2 (9th Cir.1992) (imputed political opinion still a valid basis for relief after Elias-Zacarias ); see also Ramirez-Rivas v. INS, 899 F.2d 864, 873 (9th Cir.1990). To establish a well-founded fear of future persecution, petitioner must show both a subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on account of one of the enumerated grounds." Id. (citation omitted).
 
 
 6
 Roche Tuch presented credible evidence that he feared the guerrillas in Guatemala would kill him because his uncle, his father, and his father's cousin were members of the civil defense patrol, and he would be associated with their anti-guerrilla political views. Roche Tuch stated in his Request for Asylum that his family members, as members of the civil defense patrol, were protecting the area where they lived against the guerrillas. In or about 1986, the guerrillas killed the cousin of Roche Tuch's father, and detained, interrogated and threatened his father with death. Roche Tuch's father indicated that the guerrillas sought to harm him because of his involvement with the civil defense patrol. Following these incidents, Roche Tuch's father fled the country. In late 1991, the guerrillas went to the home of Roche Tuch's uncle, with whom Roche Tuch was living at the time, looking for Roche Tuch and his uncle. The second time the guerrillas came, they killed his uncle. Roche Tuch, who was 17 at the time, was working in the coffee fields. When he heard that his uncle had been killed, he did not go home but fled immediately.
 
 
 7
 The BIA found that petitioner did not have a well-founded fear of persecution because petitioner had no direct involvement with the guerrillas. However, Roche Tuch presented credible, direct and specific evidence that close members of his family have been threatened and killed by the guerrillas, and that even though he was not a member of the civil defense patrol, the guerrillas searched his home for him on two occasions.
 
 
 8
 Although the BIA considered the murder of Roche Tuch's uncle and his father's cousin by the guerrillas, the BIA did not consider the death threat to his father, and his father's subsequent flight from Guatemala. Nor did the BIA consider the threat to Roche Tuch himself when the guerrillas came twice to his uncle's house looking for him. See Ramirez Rivas, 899 F.2d at 872 (finding pattern of persecution tied to petitioner where many members of petitioner's politically active family had been killed). Accordingly, the BIA erred by failing to consider Roche Tuch's claim of future persecution on account of imputed political opinion. See Canas-Segovia, 970 F.2d at 601-2.
 
 
 9
 Because the BIA's decision was not supported by substantial evidence, we remand to the BIA to determine Roche Tuch's eligibility for asylum and withholding of deportation on account of imputed political opinion. See id. at 602.
 
 
 10
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3