122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marta Luz RAMOS-JOVEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71115.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Filed August 27, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals.
 
 
 2
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Marta Luz Ramos-Jovel, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") order denying Ramos-Jovel's requests for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Ramos-Jovel contends that substantial evidence does not support the BIA's determination that she failed to establish a well-founded fear of future persecution based on an imputed political opinion. We disagree.
 
 
 6
 To obtain asylum, the applicant must demonstrate an objectively reasonable fear of persecution on account of one of the grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). See INS v. Cardoza-Fonseca, 107 S.Ct. 1207, 1213 (1987). Under the applicable "substantial evidence" standard of review, we must uphold the denial of asylum unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1531 (9th Cir.1996).
 
 
 7
 Ramos-Jovel testified that guerrillas threatened two of her brothers and killed another brother who was a police officer. One brother hid in Ramos-Jovel's home in San Salvador because three unknown men came looking for him after his discharge from the army. Although guerrillas never actually harmed or threatened Ramos-Jovel herself, she fears reprisal for helping her brother escape, and she fears that guerrillas will impute her brothers' political beliefs to her.
 
 
 8
 We conclude that substantial evidence supports the BIA's determination that Ramos-Jovel has not satisfied the objective component of the well-founded fear requirement. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). First, she has never been harmed or even threatened by the guerrillas. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) (stating that mere apprehension is insufficient to establish well-founded fear). Second, she has presented no evidence that if she returned to El Salvador, any persecution would be motivated by her political opinion, actual or imputed. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992)). Third, there is no evidence that the guerrillas knew Ramos-Jovel or associated her with her brothers, compare Ramirez Rivas v. INS, 899 F.2d 864, 870 (9th Cir.1990), or that the men looking for her brother were guerrillas, compare Mendoza-Perez v. INS, 902 F.2d 760, 762 (9th Cir.1990).
 
 
 9
 Ramos-Jovel's claim is also undermined by the changes that have o:curred in El Salvador since her departure in 1990, as evidenced by the State Department's Country Reports. See Rodriquez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam); see also Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Furthermore, Ramos-Jovel admits that the brother she helped hide is living safely in El Salvador, as is the rest of her family. See Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996). Accordingly, we conclude that substantial evidence supports the BIA's decision. See Gutierrez-Centeno, 99 F.3d at 1531.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3