122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ionko Stoilov STOILOV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 97-70040, Arh-svd-thx.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ionko Stoilov Stoilov, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Stoilov contends that substantial evidence does not support the BIA's determination that he neither suffered past persecution nor had a well-founded fear of future persecution on account of political opinion or his membership in a particular social group. This contention lacks merit.
 
 
 4
 We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We will reverse a denial of asylum only if the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 To qualify for asylum, Stoilov must demonstrate that he has suffered past persecution or has well-founded fear of future persecution in Bulgaria on account of race, religion, nationality, membership in particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, Stoilov must show both a genuine subjective fear and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (citation omitted). In addition, Stoilov "must present some evidence, direct or circumstantial," that the persecution he claims to fear will be on account of one of the Enumerated grounds. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 483).
 
 
 6
 Substantial evidence supports the conclusion that Stoilov did not suffer past persecution on account of his marriage to a "capitalist" Swedish citizen. See Elias-Zacarias, 502 U.S. at 483-84. Although Stoilov's marriage appears to have occasioned the loss of his pilot's license, he failed to establish that the revocation was motivated by any purpose other than preservation of military security. See Canas-Segovia, 970 F.2d at 601 (requiring the victim "to show the persecutor had a protected basis ... in mind in undertaking the persecution").
 
 
 7
 Stoilov also failed to demonstrate a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 483-84. The evidence does not compel the conclusion that the current government has any interest in persecuting Stoilov on account of his marriage, particularly considering his and his wife's undisturbed residence in Bulgaria for over a year before coming to the United States. See id. at 481; see also Aruta v. INS, 80 F.3d 1389, 1392-93 (9th Cir.1996) (noting claim of well-founded fear of persecution undercut by applicant's continuous safe and undisturbed residence in home country after occurrence of events inducing fear). As noted by the BIA, Stoilov's claimed fear is further undermined by the evidence of the political changes which have occurred in Bulgaria since the 1979 enactment of the law prohibiting members of the military from marrying "citizens from the capitalist countries." See Acewicz, 984 F.2d at 1061; Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution).
 
 
 8
 Stoilov additionally claimed to fear future persecution in Bulgaria by "Club 777," an organized crime group, on account of his attempts to reclaim and develop land which the government confiscated in 1946 from Stoilov's non-Communist grandfather. This fear is premised upon Stoilov's belief that Club 777 was responsible both for the 1992 robbery and beating of his fatherin-law and the 1995 arson fire of his home. Stoilov, however, failed to present evidence sufficient to establish that those isolated events were motivated by anything other than unfortunate, random violence. See Canas-Segovia, 970 F.2d at 601; see also Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) (stating that acts of violence against family members may establish wellfounded fear when violence creates pattern of persecution closely tied to applicant).
 
 
 9
 We deny the petition for review because substantial evidence supports the BIA's determination that Stoilov failed to establish either past persecution or a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 483-84. Because Stoilov has not demonstrated a well-founded fear of persecution, he necessarily failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3