122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70504.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997.
Decided Sept. 12, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and WALLACH, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Rodriguez petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). Petitioner was found deportable for entry without inspection. See INA § 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B). Rodriguez argued that he established a well-founded fear of persecution on account of political opinion from the El Salvadoran military and El Salvadoran guerrillas by showing that he served in the army and later deserted. We deny Rodriguez's petition.
 
 
 3
 We will uphold the BIA's determination that Rodriguez was not eligible for asylum "if supported by reasonable, substantial, and probative evidence on the record considered as a whole." INA § 106, 8 U.S.C. § 1105a(a)(4). The BIA's decision will "be reversed only if the evidence presented by [petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA examined the record in-depth and concluded that Rodriguez "has not demonstrated an objectively reasonable fear of persecution should he return to El Salvador." A.R. 2. The record showed that Rodriguez left the army in response to the conduct of one of the lieutenants and because he disliked fighting guerrillas and was afraid of them.[1] According to the record, the army abandoned its search for him after they heard he went to the United States. The BIA concluded on the record that even if the army was still interested in this low-level former soldier, "his punishment for desertion would be prosecutory in nature, and not persecutory." A.R. 3.
 
 
 4
 The record does not contain any evidence that Rodriguez held a political opinion. Consequently, the BIA's finding that Rodriguez did not have a well-founded fear of persecution on account of political opinion is supported by the record. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 482 (1992) (" '[P]ersecution on account of ... political opinion' in § 101(a)(42) is persecution on account of the victim's political opinion, not the persecutor's."). Further, the record does not support Rodriguez's argument that the army would impute a political opinion to him, i.e., that lie deserted the army because he supported the guerrillas, and persecute him on account of that opinion because the army only looked for him for a short time and knew that he had come to the United States. See Canas-Segovia v. I.N.S., 970 F.2d 599, 602 (9th Cir.1992) (An imputed political opinion means that "[a] persecutor falsely attributes an opinion to the victim, and then persecutes the victim because of that mistaken belief about the victim's views.").
 
 
 5
 Rodriguez's argument that he had a well-founded fear of persecution from the guerrillas is not supported by the evidence on the record. There is no evidence that the guerrillas knew he had been in the army and would kill him for his military service. Consequently, we find that the BIA's determination is supported by substantial evidence on the record and that Rodriguez failed to present evidence compelling the conclusion that the requisite fear of persecution existed.
 
 
 6
 The petition is DENIED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although it was raised at oral argument, we cannot consider whether Rodriguez's desertion was based on his refusal to violate the Geneva Conventions of August 12, 1949 and if so, whether pursuant to the United Nations' Handbook on Procedures and Criteria for Determining Refugee Status (Geneva 1979) he was persecuted for his refusal, because this argument was not raised on appeal