139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dusan PECOTIC, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71101.
INS No. Aqk-hvu-gej
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 17, 1998.
Submitted February 11, 1998** San Francisco, California
 
 1
 Petition to Review a Decision of the Board of Immigration Appeals.
 
 
 2
 Before GOODWIN, KOZINSKI and THOMPSON, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioner Dusan Pecotic seeks review of the Board of Immigration Appeal's ("BIA") determination that he was not eligible for asylum or entitled to withholding of deportation due to a well-founded fear of persecution on the basis of religion, nationality or political opinion. 8 U.S.C. § 1101(a)(42). He contends that the BIA failed to give proper weight to the country conditions in Croatia, and failed to consider the danger of returning to Croatia a person with a Serbian name who has refused to serve in the military due to religious and political beliefs.
 
 
 5
 The BIA's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The BIA's decision to deny withholding of deportation is reviewed for substantial evidence. Mejia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.1997).
 
 
 6
 While conscientious objection to military service can in rare cases constitute grounds for asylum due to persecution on account of political opinion, Pecotic failed to show that he articulated a political opinion sufficiently for it to be the basis of anticipated persecution. Ramos-Vasquez v. INS, 57 F.3d 857, 863, 864 (9th Cir.1995). Nor did he provide evidence that the Croatian military has attributed a political opinion to him and would persecute him on account of that imputed opinion. Sangha v. INS, 103 F.3d 1482, 1488-1490 (9th Cir.1997). Finally, Pecotic failed to show that it is reasonably likely that the army would persecute him on account of his religious beliefs, and inasmuch as he shares the religious beliefs of the majority of Croatians, it is unlikely that he could do so. See Canas-Segovia, 970 F.2d 599, 601 (9th Cir.1992).
 
 
 7
 Likewise, because Pecotic has failed to demonstrate that the government knew of his political or religious beliefs and attempted to conscript him despite those beliefs, the BIA did not err in refusing to grant asylum on the basis of disproportionately severe punishment for military evasion. Barraza Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990); Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1990).
 
 
 8
 Furthermore, the evidence which Pecotic has provided regarding the consequences which he has suffered by virtue of having a Serbian given name does not even come close to compelling a finding that Pecotic has a well-founded fear of persecution on account of nationality.
 
 
 9
 Finally, because the evidence does not compel a finding that Pecotic has a well-founded fear of persecution on account of one of the enumerated grounds, it necessarily does not compel a finding that Pecotic has shown a clear probability of persecution. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Thus, the BIA did not err in determining that Pecotic had failed to demonstrate that he is entitled to withholding of deportation. 8 U.S .C. 1253(h); INS v. Stevic, 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4