Luis Armando VASQUEZ–RAMIREZ,
Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 99–70405.
I & NS No. A71–643–528.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 13, 2001.

Before SCHROEDER, Chief Judge, LAY *, THOMPSON, Circuit Judges.

## MEMORANDUM **

Petitioner Luis Armando Vasquez–Ramirez seeks asylum and withholding of deportation on the basis of his claimed fear of future political persecution should he return to his native Guatemala. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) (1994) [1], and we grant the petition for review.

In denying his appeal from the IJ's adverse decision, the BIA focused on petitioner's experiences during brief return visits to Guatemala while he was residing in Mexico during 1989 and 1990. On those visits, petitioner was recruited by the government but was not persecuted.

■ Petitioner acknowledges that his claims rest not on past persecution, but upon his fear of persecution in the future were he to return. He testified that if he returns, he will again be foreibly recruited for military service. He further testified that when so recruited, he will refuse to serve on grounds of conscience, which will cause anti-government political views to be imputed to him. Apart from any persecution in connection with future military recruitment, petitioner testified that he would be viewed as an anti-government sympathizer because of his extended absence from Guatemala and because his prior evasion of recruitment and his indigenous ethnicity would make him the subject of special targeting.

The IJ found Vasquez–Ramirez's testimony to be consistent, and neither the IJ nor the BIA found any lack of credibility in his testimony. This testimony was fully corroborated by documentary materials in the record which establish that petitioner will likely be conscripted and that his refusal to serve on grounds of conscience will result in severe punishment of him. The record contains an Amnesty International report and press accounts that confirm the widespread use of forced recruitment by the armed forces in Guatemala. Those who resist recruitment are brutally beaten, according to a report by the Guatemalan News Agency. An advisory opinion from the U.S. State Department informs us that one who, like petitioner, refuses to serve on religious or moral grounds will be treated as a draft dodger or deserter. The same advisory opinion reports that desertion is punishable by imprisonment or death. The record contains an account by ENFOPRENSA/U.S.A. of the execution of one deserter.

Documentary evidence also supports petitioner's testimony that his extended absence from Guatemala, his prior evasion of recruitment, and his indigenous ethnicity will lead to his persecution for an imputed anti-government political opinion. The record contains press accounts detailing how a legal resident of the United States was detained, interrogated, and threatened for being a suspected guerrilla sympathizer upon her return to Guatemala after an absence of seven years. A report pre-

---

* The Honorable Donald P. Lay, Senior Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it

with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. Because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over this petition under 8 U.S.C. § 1105a(a). *See* IIRIRA § 309(c)(1).

pared by the Guatemala Human Rights Commission/USA indicates that one's failure to serve in local civil defense patrols is treated as evidence that one is an anti-government guerrilla. Finally, a country report prepared by the U.S. State Department confirms that indigenous people are among the groups that have been subjected to extrajudicial killings, torture, and disappearances because the victims were believed to be sympathetic to anti-government guerrillas.

Petitioner may qualify for asylum by demonstrating a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1101(a)(42)(A). That fear must be both subjectively genuine and objectively reasonable. *Ghaly v. INS,* 58 F.3d 1425, 1428 (1995). Where unrefuted evidence in the record establishes a well-founded fear of future persecution, petitioner can qualify for asylum without showing past persecution. *See Rodriguez–Roman v. INS,* 98 F.3d 416, 430–32 (9th Cir.1996); *Canas–Segovia v. INS,* 970 F.2d 599, 601–02 (9th Cir.1992).

To be eligible for withholding of deportation, petitioner must establish a "clear probability of persecution" by proving that it is "more likely than not" that he would be persecuted on account of a protected ground. *See Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000) (internal quotation marks and citation omitted).

In this case, the BIA erred by looking principally to the absence of past persecution rather than to the evidence of the probability of future persecution. We conclude that the petitioner has established a clear probability of persecution on account of imputed political opinion and accordingly qualifies for withholding of deportation. He is therefore eligible for asylum on the basis of the less-stringent showing of a well-founded fear of persecution. *See Rodriguez–Roman,* 98 F.3d at 430–31.

We GRANT the petition for review, VACATE the BIA's decision with instructions that Vasquez–Ramirez be granted withholding of deportation, and REMAND for the exercise of the Attorney General's discretion as to whether Vasquez–Ramirez is entitled to asylum.

PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.