Magno GUILLEN–MEZA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74327.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Prashanthi Rangan, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Francis W. Fraser, Esq., Ann Carroll Varnon, Esq., Benjamin Franklin, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Magno Guillen–Meza, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA")

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of asylum and withholding of deportation for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition for review.

Because the IJ did not make an explicit adverse credibility determination in this case, we accept petitioner's testimony as true. *See Navas v. INS*, 217 F.3d 646, 652, n. 3 (9th Cir.2000).

■ Assuming that Guillen–Meza's testimony is true, the record shows that Guillen–Meza was persecuted by the Peruvian government, on account of an imputed political association with the Shining Path, and that Guillen–Meza has a well-founded fear of future persecution at the hands of the Peruvian government.

Guillen–Meza testified that he was taken from his home in the night by Peruvian soldiers, beaten with sticks severely enough that he later required stitches, and forced to run back to his home naked. Similar physical attacks combined with detention have been held to establish persecution. *See Agbuya v. INS*, 241 F.3d 1224, 1230 (9th Cir.2001); *Desir v. Ilchert*, 840 F.2d 723, 727 (9th Cir.1988). Moreover, Guillen–Meza testified that the soldiers accused him of being associated with the Shining Path, and stated that they persecuted him for that reason. Where the government persecutes an individual on account of an imputed political belief, attributed to him either correctly or incorrectly, the individual is eligible for asylum. *See Canas–Segovia v. INS*, 970 F.2d 599,

602 (9th Cir.1992). Finally, when a petitioner proves that he has been persecuted on account of a political opinion, there is a presumption that he has a well-founded fear of future persecution. *Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001). Here, the government has failed to present any evidence that rebuts Guillen–Meza's well-founded fear. Because Guillen–Meza has established both past persecution and a well-founded fear of future persecution, we conclude he is eligible for asylum.

■ Additionally, Guillen–Meza's past persecution creates a presumption that he is eligible for withholding of deportation. *See Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000). The government has offered no evidence to rebut this presumption, and Guillen–Meza's testimony shows that the Peruvian government has a continuing interest in him. Guillen–Meza stated in the merits hearing that subsequent to his departure, the police searched his home and arrested his two younger siblings due to his suspected political involvement. Given these facts, we conclude Guillen–Meza established it is more likely than not that he would be persecuted if he returned to Peru, and has therefore met the requirements for withholding of deportation. *See Agbuya*, 241 F.3d at 1230–1231.

The motion for stay of voluntary departure, filed December 18, 2003, is denied as moot. *See Elian v. Ashcroft*, 370 F.3d 897, 898–899 (9th Cir.2004) (order).

Guillen–Meza's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

We grant the petition for review and remand to the BIA. The BIA is directed to grant Guillen–Meza's petition for withholding of deportation, and with respect to his

asylum application, to exercise its discretion.

**PETITION FOR REVIEW GRANTED; REMANDED.**

GRABER, Circuit Judge, Dissenting.

I dissent because, in my view, the BIA's and IJ's conclusion that the petitioner failed to carry his burden of proof is supported by substantial evidence.