Prymas Nazreth VAZ; Monalisa Napolian Dias, Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–71070.

Agency Nos. A75–724–257, A75–724–258.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 7, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Jennifer Keeney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

### MEMORANDUM***

Prymas Nazreth Vaz and Monalisa Napolian Dias, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") and Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We deny the petition for review.

Taking the testimony as credible, as the BIA did, substantial evidence supports the BIA's and IJ's determination that Vaz has not demonstrated he was persecuted on account of an enumerated ground. *See Canas–Segovia v. INS*, 970

F.2d 599, 601 (9th Cir.1992) (explaining that "the victim needs to show the persecutor had a protected basis ... in mind in undertaking the persecution."). Moreover, substantial evidence supports the BIA's determination that Vaz's claim is undermined by the ability of his mother and siblings, also Roman Catholics, to remain unharmed in India. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (stating that continual presence of similarly situated family members undercuts applicant's claim of persecution).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

