**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIJIE ZHAO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-75433 <br><br> Agency No. A098-442-199 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2010[**]
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and WALTER, District
Judge.[***]

Weijie Zhao ("Zhao"), a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald E. Walter, Senior United States District Judge
for Western Louisiana, sitting by designation.

Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). However, on appeal Zhao only raises his asylum claim. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), we grant the petition for review and remand for further proceedings.

The Petitioner argues that if he returns to China he will face persecution for unknowingly giving Falun Gong practitioners a place to meet in his home. Before the IJ, Zhao argued that he suffered past persecution but on appeal he abandoned that argument. Zhao continues to contend that if he returns to China he has a well-founded fear of future persecution. The IJ did not doubt Zhao's subjective fear but found that he did not meet the objective fear requirement. Zhao concedes that he is not a member of Falun Gong. The IJ found, and the BIA affirmed, that Zhao can avoid future persecution by turning himself in to Chinese authorities and absolving himself.

Zhao is eligible for asylum if he can demonstrate that he is "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "A

2

finding of a 'well-founded fear of persecution' requires both a showing of 'subjectively genuine' and 'objectively reasonable' fear." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (*citing Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000)(abrogated on other grounds)). Zhao testified that he fears arrest and incarceration in a labor camp upon returning to China, and thus satisfied the subjective component of the well-founded fear requirement. *See Zhou v. Gonzales*, 437 F.3d 860, 867 (9th Cir. 2006). Because Zhao has not suffered past persecution, he must satisfy the objective component "by a showing of 'a good reason to fear future persecution' based on 'credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution.'" *Zhao*, 540 F.3d at 1029 (quoting *Ladha*, 215 F.3d at 897). The Ninth Circuit has held that a ten percent chance of future persecution may be enough to establish a well-founded fear. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). This is a much more lenient standard than the "preponderance of the evidence" standard used by the IJ.

The record clearly demonstrates that Zhao faces at least a ten percent chance of future persecution. According to Zhao, the Falun Gong members found in his apartment were sent to a labor camp, and ever since October 6, 2003, the police have returned to his father's house about once a week looking for him. Zhao

3

testified that the police told Zhao's father that Zhao had allowed Falun Gong practitioners to use his house and that Zhao should return to Shanghai and report to them. Also taking into account the State Department Country Reports on China that detail the persecution of Falun Gong and its supporters, we are left with little doubt that Zhao has an objectively reasonable fear that he will be arrested, sent to a labor camp, and abused by police if he returns to China. Such harsh treatment qualifies as persecution. *See Zhou*, 437 F.3d at 868; *Zhang v. Ashcroft*, 388 F.3d 713, 719 (9th Cir. 2004).

Further, the IJ's finding that Zhao could avoid persecution by explaining that he is not a member of Falun Gong to the Chinese police is inconsistent with settled law holding that imputed political opinion is a valid basis for relief. *See, e.g., Lopez-Galarza v. INS*, 99 F.3d 954, 959 (9th Cir. 1996). "Following the Board's line of reasoning, imputed political opinion could never provide a basis for relief. Any victim would simply correct his persecutor's mistake, and suffer the persecution for unprotected reasons." *Canas-Segovia v. INS*, 970 F.2d 599, 602 (9th Cir. 1992).

We grant Zhao's petition for review. Because Zhao is eligible for asylum and entitled to withholding of removal, we remand this case so that the Attorney General may exercise his discretion under 8 U.S.C. § 1158(b) as to whether to

grant asylum, and so that the BIA can enter the appropriate order for withholding of removal. *See Zhou*, 437 F.3d at 871.

PETITION GRANTED, and REMANDED.