124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor de los Reyes TAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70448.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 13, 1997 San Francisco, California.
Aug. 28, 1997.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service
 
 
 2
 Before: ALFRED T. GOODWIN and SIDNEY R. THOMAS, Circuit Judges, and John W. Sedwick,** U.S. District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the parties are familiar with the facts and procedural history, we will not recount it here.
 
 
 5
 We review the Board of Immigration Appeal's ("BIA") denial of asylum for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To qualify for asylum, an applicant has the burden of demonstrating past persecution or a well-founded fear of future persecution on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)( A); Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Persecution is defined as " 'the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive.' " Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quoting Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969)).
 
 
 6
 An asylum applicant "must present some evidence, direct or circumstantial," that the persecutor was motivated by the applicant's actual or imputed political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 483). To obtain reversal, an applicant must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (quoting Elias-Zacarias, 502 U.S. at 481).
 
 
 7
 The BIA concluded that the NPA coerced Tan and his brother into helping in their war against the government, but that this did not constitute persecution on account of one of the five reasons listed in the INA. Rather, the BIA concluded, the "guerillas' purpose in threatening the respondent was to coerce him into helping them further their war with the government." In other words, their coercion had nothing to do with Tan's political beliefs but with his ready access to a truck.
 
 
 8
 In Elias-Zacarias, the Supreme Court held that forcible recruitment by guerilla forces does not necessarily constitute persecution on account of political opinion. Elias-Zacharias, 502 U.S. at 482. A petitioner must show that he has a "well-founded" fear that the guerrillas will persecute him because of his political opinion and not just because of his refusal to fight with them. Id. at 483.
 
 
 9
 Tan was not injured or harmed in any way; he was threatened once, but not because of his political views. The rebels may have been acting out of political motives, but such a motivation is irrelevant. See id. at 481. What is relevant is the NPA's perception of Tan's political beliefs and their acts based on that perception. See id. at 482-83. There is no evidence in the record that the NPA coerced Tan on the basis of his political beliefs.
 
 
 10
 Although the BIA's decision is quite brief, we find that substantial evidence supports the BIA's conclusion that the NPA had no political motivation in coercing Tan to deliver weapons. The BIA's explanation was sufficient.
 
 
 11
 The Petition for Review is denied.
 
 
 
 **
 Honorable John W. Sedwick, U.S. District Judge for Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3