129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Wilfredo ALVARADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Alp-dmp-mqc.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Wilfredo Alvarado, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of in immigration judge ("IJ") denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1153(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Alvarado contends that substantial evidence does not support the BIA's determination that he failed to establish a well-founded fear of future persecution on account of political opinion. This contention lacks merit.
 
 
 4
 We review the denial of asylum for abuse of discretion, and review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We will not reverse the BIA's decision unless the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 To be eligible for asylum, Alvarado must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (1997). To establish a well-founded fear of persecution, an applicant must show by "credible, direct, and specifics evidence," facts which support an objectively reasonable fear. See Acewicz, 984 F.2d at 1061 (citation omitted). When seeking asylum on the basis of political opinion, an applicant must also "present some evidence, direct or circumstantial," that the persecution he fears will be on account of that political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 483).
 
 
 6
 Alvarado claims to fear future persecution in El Salvador by both the army and the guerillas on account of his refusal to align himself with either side and his choice to remain politically neutral. Alvarado, however, offered no evidence indicating that his neutrality was an affirmative choice. See Sangha v. INS, 103 F.3d 1432, 1488 (9th Cir.1997). Nor has he demonstrated that he will be singled out for persecution by anyone in El Salvador on account of his political neutrality. See Canas-Segovia, 970 F.2d at 601 (requiring applicant to show that the persecutor has "a protected basis ... in mind in undertaking the persecution"). Although evidence was presented with regard to the instability and violence in El Salvador, general conditions of unrest are insufficient to show that Alvarato would be subject to a "particularized threat of persecution." See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994) Finally, while Alvarado's parents were threatened by guerillas several years before he left El Salvador, he failed to demonstrate that these events were connected to him in any way. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995).
 
 
 7
 We deny the petition for review because the evidence presented was not so compelling that no reasonable factfinder could fail to find the requisite fear of persecution on account of political opinion. See Elias-Zacarias, 502 U.S. at 483-84. Because Alvarado failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3