**Maria Iveth MOLINA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70920.

INS No. A72–130–532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 16, 2001.

---

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

### MEMORANDUM [1]

Molina petitions for review of a decision by the Board of Immigration Appeals (Board) denying her relief from deportation. The Board exercised jurisdiction pursuant to 8 C.F.R. § 3.1(b). Because Molina's deportation proceedings commenced before April 1, 1997, and a final order of deportation was entered after October 30, 1996, we have jurisdiction over her petition pursuant to 8 U.S.C. § 1105a, as amended by section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1149 (9th Cir.2000). We deny the petition.

Molina contends that the Board erred in denying her application for asylum and withholding of deportation. We review the Board's factual determinations, including its determination of an applicant's eligibility for asylum, for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The substantial evidence standard is highly deferential to the Board, and for us to overturn the Board's decision, Molina must show that the evidence compels reversal. *Pedro–Mateo,* 224 F.3d at 1150, *citing Eli-as–Zacarias,* 502 U.S. at 481 n. 1, 112 S.Ct. 812.

To be eligible for asylum, Molina must demonstrate that she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of persecution, an alien's fear of persecution must be both subjectively genuine and objectively reasonable. *Pedro–Mateo,* 224 F.3d at 1150. "The objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Id.* (internal quotation and citation omitted). Molina has the burden of making this showing. *Id.* When seeking asylum on the basis of political opinion, an applicant must also "present some evidence, direct, or circumstantial," that the persecution she fears will be on account of that political opinion. *Canas–Segovia v. INS,* 970 F.2d 599, 601 (9th Cir.1992), *citing Elias–Zacarias,* 502 U.S. at 483, 112 S.Ct. 812.

The evidence does not compel the conclusion that the asylum determination was incorrect. Substantial evidence supports the Board's determination that Molina failed to demonstrate either past persecution or a well-founded fear of future persecution on account of imputed political opinion. First, she did not establish that she was "persecuted." Persecution has been defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995) (internal quotation and citation omitted). The IJ found that Molina was "[n]ever abducted or mis-

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir.R.36–3.

treated by the guerillas." On appeal, the Board agreed, finding that "her contact with the guerillas was limited to one visit," and "there is no indication that she was harmed [or] that the threat [to take her away if she did not reveal her brother's whereabouts] was a serious threat." The bulk of Molina's testimony merely indicated that general conditions of unrest and violence prevailed in El Salvador and La Paz, not that she was singled out for persecution by anyone. To qualify for asylum, "an alien's predicament must be 'appreciably different from the dangers faced by the alien's fellow citizens."' *Pedro–Mateo,* 224 F.3d at 1151, *quoting Vides–Vides v. INS,* 783 F.2d 1463, 1469 (9th Cir.1986).

Second, Molina offered no evidence to establish that the guerillas imputed a political opinion to her. She testified that three of her brothers served in the Salvadoran military, that during a guerilla offensive in 1989 a group of guerillas came to her house and inquired about the whereabouts of one or more of her brothers, and that the guerillas threatened to take her away if they could not locate the brother(s). However, she did not point to any conduct or statements by the guerillas showing that they actually imputed a political opinion to her, *Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997), nor did she testify that her family suffered any harm based upon her brothers' service in the military. *See Navas v. INS,* 217 F.3d 646, 659 n. 18 (9th Cir.2000). Molina failed to provide any evidence that the guerillas' encounter with her was motivated by political revenge. While we do not require direct proof of a persecutor's motives, an applicant must provide some evidence of it, direct or circumstantial. *Pedro–Mateo,* 224 F.3d at 1151.

Finally, substantial evidence supports the BIA's determination that Molina failed to establish a well-founded fear of future persecution because, just as she failed to show past persecution on account of a protected ground, she failed to show that any alleged, future persecution would be on account of a protected ground. *Cf. Cordon–Garcia v. INS,* 204 F.3d 985, 990–91 (9th Cir.2000). In addition, the IJ correctly reasoned that changed country conditions demonstrate that the guerillas are not now a threat in El Salvador as they were in 1989 when they visited Molina's home. Moreover, Molina herself remained in the country for approximately three years without incident after the encounter, and her family continues to reside there unmolested. *See Rodriguez–Rivera v. INS,* 848 F.2d 998, 1006 (9th Cir.1988).

Because Molina failed to satisfy the lower standard of proof required to establish eligibility for asylum, she necessarily failed to demonstrate eligibility for withholding of deportation. *Pedro–Mateo,* 224 F.3d at 1150, *citing Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION DENIED.