Robert **KARACSONY,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–71190.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 26, 2003.

---

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Jane Scardon, U.S. Department of Justice Civil Division, Jennifer A. Parker, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HALL and O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.*

## MEMORANDUM **

Petitioner Robert Karacsony, a native and citizen of Romania, petitions this panel for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on April 19, 2002. Since the BIA affirmed the decision of the Immigration Judge ("IJ") without providing any independent analysis, it is the determination of the IJ which must be reviewed in assessing Karacsony's appeal. *Al–Harbi v. INS*, 242 F.3d 882, 887 (9th Cir.2001). Because substantial evidence supports the IJ's determination that Petitioner failed to prove either "past persecution" or a "well founded fear of future persecution," the BIA's order cannot be disturbed. 8 U.S.C. § 1252(b)(4)(B).

---

* The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because the facts are known to the parties, they are only repeated here as necessary.

Petitioner contends that he has demonstrated eligibility for asylum. Under the Immigration and Nationality Act ("INA"), the Attorney General of the United States has discretion to grant asylum to an alien applicant who is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1064 (9th Cir. 2003) (citing 8 U.S.C. § 1101(a)(42)(A)). A well-founded fear of persecution must be both (1) subjectively genuine and (2) objectively reasonable. *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998).

■ Petitioner alleges that he suffered persecution, or harbored a well-founded fear of future persecution, on the ground that Romanian law imposes a military conscription requirement on all men that would conflict with his religious beliefs as a Jehovah's Witness. However, courts have long recognized that "it is not persecution for a country to ... require military service of its citizens." *Abedini v. U.S. INS,* 971 F.2d 188, 191 (9th Cir.1992). Although an exception has been carved out for cases in which an individual would suffer "disproportionately severe punishment" on account of one of the five statutorily protected grounds—race, religion, nationality, membership in a particular social group, or political opinion *Ramos–Vasquez v. INS,* 57 F.3d 857, 864 (9th Cir.1995); 8 C.F.R. § 208.13(b) [1]—asylum is only available where the asylum seeker can show that "the persecutor had a protected basis ... in mind in undertaking the persecution."

*Canas–Segovia v. INS,* 970 F.2d 599, 601 (9th Cir.1992), *rev'g* 902 F.2d 717 (9th Cir. 1990). Petitioner has yet to present either a ripe conflict between himself and the Romanian government with regard to his compelled service, or any persuasive evidence of the likelihood of future conflict. Although "[n]ormally, you are drafted at age 20" in Romania, the applicant fled his country at the age of 19, prior to ever being drafted. Moreover, since the evidence in the record suggests that, rather than being pressed into military service on account of his religion, Petitioner was simply subject to the same conscription rules that applied to all other Romanian males, his desire to escape the draft is not an adequate basis for a finding of persecution.

■ Petitioner also alleges that he was persecuted in Romania on account of his ethnicity. His contention rests primarily on two isolated incidents in which he and a group of friends were detained by Romanian police, who physically and verbally abused the group based on their ethnic backgrounds. Courts must keep in mind, however, that "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). While the behavior of the Romanian police in two separate encounters may be considered inappropriate or even condemnable, it does not rise to the level of persecution. As such, there was substantial evidence from which the IJ could properly conclude that the applicant has not demonstrated a "well founded fear of persecution" which justified the granting of asylum.

■ Petitioner also argues that he is entitled to withholding of removal pursu-

---

**1.** Section 208.13 has subsequently been duplicated and moved, without substantive altera- tion, to 8 C.F.R. § 1208.13 (West 2003).

ant to 8 U.S.C. § 1231(b)(3)(A). In order to qualify for withholding, which unlike (discretionary) asylum mandates that the Attorney General refrain from ordering deportation, an alien must satisfy "a more stringent standard" than that required to obtain asylum. *Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000). Because the requirement for establishing eligibility for withholding of removal is more rigorous, "failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in failure to demonstrate eligibility for withholding of deportation." *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (internal quotation marks omitted). Since Karacsony is unable to demonstrate eligibility for asylum, we need not address his contention that he is entitled to withholding of removal.

**AFFIRMED.**