Babken PANANYAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73060.
Agency No. A77–492–027.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Peter A. Hosharian, Esq., Montebello, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan C. Lynch, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Babken Pananyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum and withholding of removal for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Pananyan has not established a well-founded fear of future persecution. Pananyan's fear that he will be drafted into the military or alternately jailed for his refusal to serve is unfounded. Pananyan testified that he previously fulfilled his military duties, and was honorably discharged. He is now well beyond the draft age in Armenia. Even in the unlikely event that Pananyan were to be drafted, conscription against religious belief does not constitute persecution. *See Canas–Segovia v. INS*, 970 F.2d 599, 601 (9th Cir.1992).

■ Pananyan's fear that he will be unable to proselytize and practice his religion if he returns to Armenia also provides an insufficient basis for his claim that he could be persecuted in the future. Although Jehovah's Witnesses are not recognized as an official religious group in Armenia, the 1999 State Department Report indicates that they can and do practice their religion openly in that country. The fact that Jehovah's Witnesses are not officially recognized may amount to discrimination, but "[p]ersecution is an extreme concept, which ordinarily does not include discrimination on the basis of ... religion, as morally reprehensible as it may be." *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (internal quotations omitted).

■ Because Pananyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.*

Pananyan's contention that the IJ failed to address his claims under withholding of removal and CAT lacks merit because the IJ did address both claims.

Petitioner's constitutional challenge to the BIA's streamlining regulations is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003). The panel need not consider separately whether the BIA erred by streamlining petitioner's case because substantial evidence supports the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.