**Denis Estuardo SANTAMARIA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–72932.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**956**

Carlos Cruz, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, OIL, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Denis Estuardo Santamaria, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Lata v. INS*, 204

F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion, *INS v. Elias–Zacharias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's decision because Santamaria did not establish that the incidents that occurred in Guatemala in 1990–1992 were on account of his political opinion or any other statutorily-protected ground. *See id.* at 482–83, 112 S.Ct. 812; *see also Canas–Segovia v. INS*, 970 F.2d 599, 601 (9th Cir.1992) (explaining that pursuant to *Elias–Zacarias*, "the victim needs to show the persecutor had a protected basis (such as the victim's political opinion) in mind in undertaking the persecution"). The guerillas pursued Santamaria because of his skill and expertise in communications systems, not because of any political stance he may have had. *See Rivera–Moreno v. INS*, 213 F.3d 481, 487 (9th Cir.2000) (finding no persecution on account of an enumerated ground where guerillas pursued petitioner because she refused to contribute her skills, not because of her political stance).

Santamaria also failed to show a well-founded fear of future persecution if he returned to Guatemala because country conditions have changed. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions in Guatemala where the agency rationally construed country report and conducted an individualized analysis of how the changed conditions will affect the petitioner's situation).

Because Santamaria failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Santamaria's voluntary departure period will begin to run on the issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the