FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAMOOD YOUSSEF HAMOOD, | No. 06-72950 |
| Petitioner, | |
| | Agency No. A075-734-250 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District
Judge.[**]

Hamood Youssef Hamood, a Druze citizen of Lebanon, petitions for review

of a Board of Immigration Appeals (BIA) decision adopting and affirming an

Immigration Judge's decision denying his application for asylum and withholding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John A. Jarvey, United States District Judge for the
Southern District of Iowa, sitting by designation.

of removal under the Immigration and Nationality Act (INA). We deny the petition. Hamood's grant of withholding of removal under the Convention Against Torture has not been challenged and is not affected by our decision.

To be eligible for asylum or withholding of removal under the INA, Hamood must show that he has faced or is likely to face persecution motivated at least in part by race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B), 1231(b)(3)(A); *see Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999). In a forced conscription situation such as this one, we agree with the Immigration Judge that *INS v. Elias-Zacarias* controls: Hamood must produce some direct or circumstantial evidence that Hezbollah has persecuted him on account of one of the protected grounds, rather than merely "because of his refusal to fight with them." 502 U.S. 478, 483 (1992); *see Canas-Segovia v. INS*, 970 F.2d 599, 601 (9th Cir. 1992) (noting that, after *Elias-Zacarias*, a person seeking asylum "needs to show the persecutor had a protected basis . . . in mind in undertaking the persecution").

The actions and statements made by Hezbollah agents all reflected a motivation to harm Hamood because of his refusal to join Hezbollah. There is no evidence in the record that indicates that Hezbollah agents harbored any animosity toward him because he is Druze or because of an anti-Hezbollah political opinion

2

they imputed to him. *Cf. Sinha v. Holder*, 564 F.3d 1015, 1021-22 (9th Cir. 2009) (finding that persecution was motivated by race when attackers used racial slurs); *Navas v. INS*, 217 F.3d 646, 661 (9th Cir. 2000) (finding that persecution was based on imputed political opinion when persecutors knew that the victim had engaged in political activities). The record before us simply does not compel a conclusion that the "harm was motivated, at least in part, by an actual or implied protected ground." *Borja*, 175 F.3d at 736. Therefore, substantial evidence supports the Immigration Judge's decision. *See Elias-Zacarias*, 502 U.S. at 481 n. 1 (noting that, to reverse a BIA decision under the substantial evidence standard of review, "we must find that the evidence not only *supports* . . . but *compels*" a contrary conclusion) (emphasis in original).

**PETITION DENIED.**