NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAVIER LORENZO-CALMO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-72318

Agency No. A208-193-921

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021**
Pasadena, California

Before: BERZON and BEA, Circuit Judges, and BENNETT,*** District Judge.

Javier Lorenzo Calmo petitions for review of his removal order. The BIA

reached three issues in this case: 1) for asylum and withholding of removal relief,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

whether Lorenzo Calmo showed a nexus between his persecution and his religion, in particular his role as a Catholic preacher; 2) for asylum and withholding of removal relief, whether he showed past persecution based on membership in the particular social group of persons of Mayan descent; and 3) for relief under the Convention Against Torture, whether he showed the government would acquiesce in his persecution. The agency expressly declined "to address [Lorenzo Calmo's] other arguments on appeal," so our review is limited to these issues. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

We grant Lorenzo Calmo's petition with regard to asylum and withholding of removal relief based on both religion and membership in a particular social group. We deny the petition with regard to relief under the Convention Against Torture.

**1. Nexus to religion.** For asylum, a petitioner must show he is unable or unwilling to return to his home country "because of [past] persecution or a well-founded fear of persecution *on account of* race, religion, nationality, membership in a particular social group, or political opinion." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (emphasis added) (quoting 8 U.S.C. § 1101(a)(42)(A)). For a withholding of removal claim, the same standard applies but the applicant must show future persecution on a protected ground is "more likely than not." *See Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018).

At issue in this case is the standard a petitioner must meet to show the persecution was "on account of" a protected ground. An applicant for asylum must show a protected ground "was or will be at least *one central reason* for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added); *see Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013). For withholding of removal relief, the protected ground need only be "*a* reason" for the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017) (emphasis added) (citing 8 U.S.C. § 1231(b)(3)(C)). Under both standards, an applicant can meet his burden by showing his persecutors had mixed motives, so long as one ("central," for asylum) motive was a protected ground. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). Here, the BIA upheld the IJ's denial of both asylum and withholding of removal relief, so we treat its decision as holding that Lorenzo Calmo's religion was neither "one central reason," nor even "a reason," he was targeted. *See Barajas-Romero*, 846 F.3d at 358–360.

When the "persecuted activity could stem from many causes, some protected by the statute and others unprotected, the victim must tie the persecution to a protected cause." *Canas-Segovia v. INS*, 970 F.2d 599, 601 (9th Cir. 1992). Specifically, the applicant for asylum or withholding must "show the persecutor had a protected basis (such as the victim's [religion]) *in mind* in undertaking the persecution." *Id.* (emphasis added). We have repeatedly applied this framework to

assess persecution petitioners have asserted they experienced because of their religious or politically motivated refusal to join a military group. *See id.*; *Melkonian v. Ashcroft*, 320 F.3d 1061, 1068 (9th Cir. 2003); *Tecun-Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir. 2000). It applies equally here, because the targeted activity—dissuading young people from joining gangs—could stem from a secular, and therefore unprotected, basis. So, although Lorenzo Calmo's opposition was based on religion, persecutors seeking to deter that activity may or may not have had Lorenzo Calmo's religious role in mind.

The BIA did not use this framework in concluding that Lorenzo Calmo did not demonstrate that he was persecuted on account of his religion. Instead, its opinion viewed the gang members' possible motives in persecuting Lorenzo Calmo as mutually exclusive. The BIA held the gang was "not motivated to harm [Lorenzo Calmo] because he was a Catholic preacher, but rather because he interfered with the gang's desire to recruit young people." It reasoned, "Although [Lorenzo Calmo] argues that he was known as a preacher, he *concedes* that his teachings dissuaded people from joining the gang." (emphasis added).

Contrary to the BIA's approach, under *Canas-Segovia* and its progeny, when the activity the persecution targets could have no connection to a protected ground—such as here, as discouraging gang participation is not necessarily a religious practice—that fact does not end the inquiry and bar relief. An applicant

4

can still be entitled to relief if he can show the persecutors had his religion in mind when they targeted him, even if they were also motivated by the practical effect of his religious convictions. *See Bringas-Rodriguez*, 850 F.3d at 1062 ("[P]ersecution may be caused by more than one central reason, and [the applicant] need not prove which reason was dominant.") (quoting *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009)).

For example, *Melkonian* held that an applicant had shown he was persecuted on account of a protected ground because his persecutors "specifically targeted" men of his ethnicity "to conscript," and that conclusion followed "even though the [persecutors] also sought to advance their own political ends." 320 F.3d at 1068 (citing *Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000)).

The BIA's characterization of Lorenzo Calmo's acknowledgement that his "teachings dissuaded youth from entering gangs," as a concession that somehow undermines his claim for relief is incorrect. What matters is whether Lorenzo Calmo has shown that the gang members opposed his teaching against gangs in part because of its connection to religion. This showing, moreover, can be made directly or "by inference," and a petitioner's testimony alone can suffice. *See Melkonian*, 320 F.3d at 1068–69 (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000)). Whether Lorenzo Calmo made such a showing in this case is the agency's determination to make. It is plausible that gang members singled

5

Lorenzo Calmo out for persecution in part because of the particular influence and reach his religious role, door-to-door preaching alongside a Catholic priest, lent to his teachings. The Board's either/or approach to the issue foreclosed that inquiry and so was inconsistent with the legal standard articulated in *Canas-Segovia v. INS*. Because "we conclude that the BIA's decision cannot be sustained upon its reasoning," we remand for the agency to consider Lorenzo Calmo's claim under the proper framework. *See Regalado-Escobar*, 717 F.3d 724, 729 (9th Cir. 2013).

**2. Particular Social Group.** The BIA again misapplied binding law in concluding that Lorenzo Calmo "has not established past persecution or a well-founded fear of future persecution because he is of Mayan descent."[1]

Considering past persecution, the BIA erred in determining that because some of Lorenzo Calmo's persecutors were themselves indigenous and spoke to him in his indigenous language, his indigenous status could not be why he was targeted. We have "reject[ed] this reasoning as erroneous" and have "recognized that a person can be persecuted by members of the same group." *Maini v. INS*, 212 F.3d 1167, 1174 (9th Cir. 2000) (citing *Andriasian v. INS*, 180 F.3d 1033 (9th Cir. 1999). "The persecuting group's *motive*, rather than its demographics, is crucial to

---

[1]Although Lorenzo Calmo perhaps could have sought relief based on the protected ground of race or nationality, he instead pursued the "particular social group" ground.

a determination of whether a petitioner is entitled to asylum." *Id.* (emphasis added).

We remand for the BIA to reconsider Lorenzo Calmo's particular social group claim in light of *Maini v. INS*, including considering Lorenzo Calmo's other evidence that he asserts shows that indigenous people are targeted. *See* Administrative Record 337, 113 (describing civil war); *id.* at 340 (explaining that gangs can pick indigenous people out because of "the way we look, the way we speak, and the way we dress," and these features made them "targets" for the gangs).[2]

**3. Convention Against Torture.** The BIA did not err in concluding that Lorenzo Calmo has not met his burden for relief under the Convention Against Torture. The agency's determination that at most Lorenzo Calmo had shown the government "at times is ineffective in its efforts to control the gang members" is supported by substantial evidence.

## CONCLUSION

We GRANT Lorenzo Calmo's petition for review on his claims for asylum and withholding of removal based on religion and particular social group, and we

---

[2] The BIA discussed Lorenzo Calmo's asserted persecution based on his indigenous status as a disfavored group issue, but, as to *past* persecution, the disfavored group analysis is inapplicable. *See Sael v. Ashcroft*, 386 F.3d 922, 924–25 (9th Cir. 2004).

REMAND for the BIA to reconsider both claims under the proper legal frameworks. We DENY the petition as to Lorenzo Calmo's claim for relief under the Convention Against Torture. Costs are awarded to Lorenzo Calmo.